IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 25-MJ-215 |
| ) | |
| vs. ) | |
| ) | |
| **IVAN SOTELO-RASCON**, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States hereby responds to Defendant, Ivan Sotelo-Rascon's, Sentencing Memorandum and moves the Court to accept the parties' plea agreement and sentence defendant within the properly calculated sentencing guidelines as established by the Presentence Investigation Report. Doc. 25.

### I.   INTRODUCTION

Defendant was convicted by guilty plea of Possession of Child Pornography, contrary to 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A) and 2256(2)(A). In the Presentence Investigation Report ("PSR"), the probation office calculated Defendant's total offense level as 28, with a criminal history category of I. Doc. 25. This results in an advisory guideline range of 78 to 97 months. *Id.* No facts presented in the PSR or Defendant's Sentencing Memorandum justify a downward variance from the properly calculated guideline range.

## II.   LEGAL STANDARD

As part of the sentencing process, a district court may consider whether the case before it lies within the "heartland" of typical cases considered by the Sentencing Commission when it drafted the Guidelines. Even after *United States v. Booker*, 543 U.S. 220 (2005), the district court is still required to apply the Guidelines and to consider the recommended sentence as one factor in its decision. *Gall v. United States*, 552 U.S. 38 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."); *see also* 18 U.S.C. § 3553(a)(4). One step in applying the Guidelines is to determine whether to depart from the range specified in the Sentencing Table. *See United States v. Sierra-Castillo*, 405 F.3d 932, 936 n. 2 (10th Cir. 2005) ("Although district courts post-*Booker* have discretion to assign sentences outside of the Guidelines-authorized range, they should also continue to apply the Guidelines departure provisions in appropriate cases.").

"Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." *Koon v. United States*, 518 U.S. 81, 98 (1996). That is, whether the case lies within the heartland of similar offenses is a threshold question that a district court must decide when determining whether to grant a departure under the Guidelines. Although *Koon* was decided when the Guidelines were still mandatory, neither *Booker* nor any of the subsequent cases have altered the standard for when to depart from the recommended range.

This kind of heartland analysis is also a legitimate part of the district court's analysis of whether to vary from the Guidelines. In *Rita v. United States*, 551 U.S. 338 (2007), the Supreme Court specifically endorsed the use of this technique as part of the weighing of the § 3553(a) factors. *Id*. at 351 ("[The sentencing judge] may hear arguments by prosecution or defense that the

Guidelines sentence should not apply, perhaps because ... the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply."); *see also United States v. Galarza-Payan*, 441 F.3d 885, 888 (10th Cir. 2006) ( "Indeed the concept of a 'heartland'- or similarity among cases-is a part of § 3553(a)(6) ... and is a proper consideration when applied in a discretionary fashion.").

It is well settled that the Guidelines are advisory rather than mandatory. Still, the Guidelines are not unconstitutional, and a court "must consult those Guidelines and take them into account when sentencing." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (citing *Booker*, 543 U.S. at 263).

In conjunction with the Guidelines, the court must also consider the § 3553(a) factors when imposing a sentence to "impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553. These factors include, inter alia:

(1) The nature and circumstances of the offense and the history of the defendant;
(2) The need for the sentence imposed—
    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) To afford adequate deterrence to criminal conduct;
    (C) To protect the public from further crimes of the defendant; and
    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

*Id*.

The Court must impose a sentence not only consistent with the Guidelines but one that reflects the seriousness of the defendant's offense, provides just punishment, promotes respect for the laws of the United States, protects the public, and deters the defendant from continuing criminal conduct. 18 U.S.C. §§ 3553(a)(2)(A) and (B).

3

## III.  ARGUMENT

### A. The Sentence Must Reflect the Severity of the Crime and Level of Criminal Conduct

The United States respectfully asks this Court to consider the seriousness of the offense, which involves Defendant's possession of a significant amount of child pornography that was sadistic in nature, depicting violence, and involving children significantly under the age of 12 years. The child pornography possessed by Defendant is described in paragraphs 14 through 19 of the PSR. Doc. 25. This was a substantial collection as Defendant possessed "at least 250 photographic images and 500 video files of child pornography." *Id*. ¶ 19. In his plea agreement, Defendant admitted that he had intentionally downloaded child pornography from the Discord app to his personal cellphone. Doc. 22, p. 5. Furthermore, Defendant knew some of the children were under the age of 12 years. *Id*. All these offense characteristics justly increased the offense level per U.S.S.G. §§ 2G2.2(b)(2), 2G2.2(b)(4)(B), 2G2.2(b)(6) and 2G2.2(b)(7)(D). Defendant has not objected to the legal and factual accuracy of these determinations.

In his motion, Defendant proffers that "no violence or threat of violence resulted from the commission of the offense" Doc. 26, p. 4. The United States disputes that receipt of child pornography is not a crime of violence. While it is true that there is no evidence that Defendant manufactured, created or produced any of the child pornography, the law clearly recognizes receipt of child pornography as a crime of violence. Detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(A), for receipt of child pornography as it is a crime of violence as that term is defined in § 3156(a)(4)(C) which specifically lists offenses under Chapter 110. Receipt of child pornography is a crime of violence and should be treated accordingly.

Defendant's criminal conduct should not, and cannot, be minimized. Accordingly, the Court should find that the seriousness of the offense warrants a sentence within the guideline range of 78 to 97 months.

### B. The Sentence Must Afford Adequate Deterrence to Defendant and Others.

Congress's decision to enhance the penalties associated with receipt and possession of child pornography, especially the possession of child pornography that involves young children, clearly demonstrates their appreciation of the nature and seriousness of the offense and the need to deter defendants from re-offending or committing similar offenses.  Likewise, the Tenth Circuit has upheld deterrence as an appropriate consideration in crafting a sentence. In *United States v. Huckins*, 529 F.3d 1312, 1319 (10th Cir. 2008), the Court of Appeals wrote, "We too recognize the importance of these factors and the need for deterrence. *See* 18 U.S.C. § 3553(a)(2); *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 666, 169 L. Ed. 2d 512 (2007) ('The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.')."

Deterrence is especially important in a case such as the one at hand where the child pornography is especially atrocious in nature. Indeed, Defendant possessed hundreds of images of child pornography, including images that were sadistic, depicting violence, and involving children significantly under the age of 12 years. *See United States v. Espinoza*, 2022 U.S. App. LEXIS 10060, *4-5 ("[T]he district court noted that Espinoza possessed thousands of images of child pornography, including images that were sadistic, depicted violence, and involved children under the age of 12. The district court acknowledged Espinoza's contention that his sentence was longer

5

than sentences imposed on other child-pornography offenders, but it concluded that this was for 'good reason,' noting multiple sentencing enhancements triggered by Espinoza's own behavior.").

Even if the Court were to find that Defendant is a low risk for reoffending due to his lack of criminal history and/or strong family connections, "[a] low risk is not the same as no risk." *United States v. Irey*, 612 F.3d 1160, 1216-17 (11th Cir. 2010) (en banc), quoted with approval by *United States v. Doty*, 2025 U.S. App. LEXIS 22663, *4-6 (10th Cir. September 2, 2025). The *Doty* decision upheld the district court's sentence which was partially based on its desire to deter future criminal behavior even though the defendant was evaluated as presenting a low risk of reoffending. The Court wrote,

> Even if [Defendant] were unlikely to reoffend, the harm would likely be grave if he did. *See id.* ('With child sexual abuse of the kind that we know [the defendant] is capable of and has committed, the harm is enormous and permanent.'). Second, the district court needed to consider not only deterrence to [this specific defendant], but also deterrence to other potential offenders. *United States v. Walker*, 844 F.3d 1253, 1257-58 (10th Cir. 2017). To consider both aspects of deterrence, the district court had to balance [Defendant's] relatively low risk of recidivism against the need to discourage similar conduct by others. *Id.* In engaging in that task, the court could reasonably regard a lengthy sentence as essential irrespective of the relatively low risk of recidivism. *See United States v. Elmore*, 743 F.3d 1068, 1074 (6th Cir. 2014) (concluding that a sentence was substantively reasonable when the district court gave greater weight to punishment, deterrence, and public safety than to a potentially low risk that the defendant would commit another sexual offense); *United States v. Wilcox*, 666 F.3d 1154, 1157-58 (8th Cir. 2012) (upholding a 40-year sentence for transportation of a minor to engage in criminal sexual activity despite a psychosexual evaluation assessing the risk of reoffending as low); *see also United States v. Crespo-Ríos*, 787 F.3d 34, 38-39 (1st Cir. 2015) (concluding that the sentence imposed for transfer of obscene material to a minor was deficient, despite the district court's focus on a low risk of recidivism, because the court failed to consider other statutory factors such as general deterrence).

*Id*.

This Court should sentence Defendant within the guideline range in order to deter Defendant and others from similar future criminal behavior that naturally has a devastating and lifelong impact on children.

6

**IV.     Conclusion**

Wherefore, for the foregoing reasons, the United States respectfully urges the Court to accept the parties' plea agreement and sentence Defendant within the properly calculated sentencing guidelines as established by the PSR. Such a sentence reflects the seriousness of Defendant's offense, deters Defendant and others from reoffending, and promotes respect for the law, without being greater than necessary to provide just punishment and adequate deterrence.

Respectfully submitted,

RYAN ELLISON
Acting United States Attorney

*Electronically Filed 10/1/25*
JAMES A. DICKENS
Assistant United States Attorney
200 N. Church St.
Las Cruces, NM 88001
(575) 522-2304 - Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the Court
using the CM/ECF system, which will send
electronic notification to opposing counsel of record.

/s/
JAMES A. DICKENS
Assistant U.S. Attorney